Opinion of the Court by
Judge Mills.
[Absent Chief Justice Bibb.]
This is an ejectment on the demise of the heirs of T. C. Page. The lessors of the plaintiff gave evidence that a certain Thomas Maxwell settled upon the land in dispute, in 1786, and continued to reside thereon till his death, in 1796; had devised the land to his son, Brazil Maxwell, who continued in possession till 1808, when he died. The county court, by commissioners, assigned dower to his widow, which assignment is the whole land in contest, on which the tenants resided at the date of this suit; that the widow married a second husband, who with his wife united in a conveyance of this, her dower land, to the ancestor of the lessors of the plaintiff.
The court instructed the jury, that the lessors were entitled to recover the whole land, if their title papers covered the ground, and they believed the other facts proved by the lessors of the plaintiff. A verdict and judgment having been rendered for the lessors of the plaintiff, the defendants have brought the cause to this court by writ of error.
Where the husband by length of adverse possession had acquired the right of possession, the county court shall assign dower to his widow—
But—
If the husband's estate in the land at his death is but an estate in equity, the county court has no jurisdiction to assign dower to his widow.
Farther statement of the evidence of lessor's title.
The whole evidence given in the cause was adducted by the lessors of the plaintiff, and if the foregoing statement contained all the evidence, we might readily concur with the court below in saying, that twenty years peaceable possession, or long enough to toll the right of entry in adverse claimants, would itself be such a legal title as would warrant an assignment of dower by the county court, and authorize a recovery by the widow, or her alienee, in an action of ejectment. For possession, thus ripened into title, must have all the incidents of legal estates acquired in other modes.
But the plaintiff in this case, by his own showing, had proved that there was no legal estate in the husband during his life, or while the marriage existed. He possessed an equity only, and whether his wife may or may not be endowed of that equity, we need not now enquire. For if she ran, she must go to a court of equity to seek it, and her alienee is now in a court of law. As her husband held only an equity, her claim to dower, by the marriage, cannot be a claim of superior grade, to his, and authorize her to recover in a court of law, as on a legal estate, when he could not do it.
The land, by the plaintiffs own shewing, was patented to Christopher Irvine. He gave his bond conditioned to convey it to the said Thomas Maxwell, who first settled the land. Irvine, the patentee, died, not having made a conveyance in discharge of his bond in his life time, and the legal estate descended to David P. Irvine, his heir at law. Thomas Maxwell died devising the land to his son Brazil Maxwell, who died leaving his widow and three children on the land, and all this time the title remained in the patentee or his heir at law. After the death of Bazil Maxwell, this heir at law conveyed the title to the three children and heirs of said Bazil, not noticing his widow in the deed. Two of these heirs of Bazil Maxwell conveyed their undivided interest to the ancestor of the lessors of the plaintiff, and the third retained her interest, and now with her husband are defendants in this suit. Under this state of case, made out by the lessors of the *138 plaintiff on their own evidence, the court below erred in giving the instruction to the jury; that the plaintiff could recover the whole land, and in refusing to instruct as asked, on the application of the defendants, that the plaintiff could not recover more than two undivided thirds of the land.
An assignment of dower by the county court where the husband’s estate was an equitable one only, is not evidence to prove title in an ejectment.
Where the occupant enters under an executory contract, so long as he looks to the legal title holder for a conveyance, the limitation forbears to run against the legal title holder, tho' it runs for his benefit against others.
Turner, for plaintiffs; Breck, for defendants.
That court also erred, in permitting the will of Thomas Maxwell, and the assignment of dower, by the county court, to be given in evidence to the jury as muniments of title, when objected to as inadmissible by the counsel of the defendants. They only conduced to shew an equity in Bazil Maxwell, and his wife, to give colour to a claim for dower in the wife, which, at best, was of an equitable nature. We do not admit that the county court could assign dower in such a case, or that an equitable title can maintain an ejectment.
The only plausible objection that can be raised to these conclusions, is, that the possession of twenty years, and upwards, would give a legal estate to the possessor under the equity, notwithstanding the legal title remained in another. This doctrine cannot be maintained. So long as the holder of the equity looked to the legal title-holder for the legal estate, he must be considered as holding under him, and the length of possession enures to the benefit of the legal estate as against adverse claimants; but did not give the legal estate to the equitable possessor, as between these two the legal title holder and the equitable possessor, and by continuing under these circumstances, lapse of time could be no bar, and could not transfer the right of entry to the possessor, as held by this court in the cases of Gay vs. Moffitt, 2 Bibb 506— Fowke vs. Darnall, 5 Litt. R. 316.
The judgment must be reversed with costs, the verdict be set aside, and the cause be remanded for new proceedings, not inconsistent with this opinion.